## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER MICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **CITIZENS STATE BANK,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Jennifer Mick, and for her Complaint against the Defendant, Citizens State Bank, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## JURISDICTION & VENUE

2.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681*p* and 28 U.S.C. § 1331.

3.      Venue in this District is proper in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4.     Plaintiff Jennifer Mick ("Mick" or "plaintiff") is a natural person that resides in the State of Kansas.  She is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.     Citizens State Bank ("Citizens" or "Defendant") is a domestic for-profit bank that regularly transacts business in Kansas.

6.     Citizens is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS COMMON TO ALL CLAIMS

7.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

8.     In September 2011, Mick and her husband, John B. Mick, as officers of their business, CBI, LLC, entered into an agreement with Citizens for a commercial loan ("the CBI loan").

9.     In 2013, Mick obtained a copy of her credit report and noticed that the CBI loan was listed on her credit report by Citizens.

10.     Mick was alarmed because the CBI loan was reporting inaccurately as a past due residential mortgage.

11.     The CBI loan should not have been reporting anywhere on Mick's credit report because it was a commercial loan issued to her company, not directly to her.

12.     In April 2013, Mick sent a letter to each of the CRAs disputing the inaccurate information being furnished about the CBI loan.

13.     Pursuant to 15 U.S.C. § 1681i(a)(2) of the FCRA, the CRAs were required not only to reasonably investigate Mick's dispute, but also to forward it on to the furnisher of such information, Citizens, who is also required to independently investigate the problem.

14.     Pursuant to 15 U.S.C. § 1681s-2(b) of the FCRA, Citizens was then obligated to reinvestigate the disputed information on Mick's reports for accuracy and modify or delete the information if the disputed information was determined to be incomplete or inaccurate.

15.     However, all three CRAs failed to remove any of the negative and inaccurate information in response to Plaintiff's dispute.

16.     Upon information and belief, Citizens responded to the CRAs with instructions to keep the CBI loan on Mick's reports.

17.     Citizens responded directly to Mick by letter dated April 2, 2013, stating that it would request deletion of the account from Plaintiff's report.

18.     However, the CBI loan remained on Mick's credit report.

19.     Between April 2013 and March 2017, Mick repeated this process regularly. She sent more than twenty (20) letters to the CRAs and to Citizens disputing the inaccurate CBI loan on her credit report.

20.     Eventually, in April 2017, the CBI loan was finally removed from Mick's credit report.

21.     It took Mick four (4) years to get the CBI loan removed.

22.     Despite Mick's repeated efforts to remove this negative and inaccurate information from her credit report, Citizens refused to remove or correct the inaccurate account information.

23.     As a result of Citizens' violations of the FCRA, Mick suffered actual damages, including denial of credit such as the ability to refinance her family home.  She also lost additional opportunities to receive credit, incurred damage to her reputation, worry, distress, frustration, embarrassment, invasion of privacy, humiliation, and other damages in an amount to be determined by the jury, in addition to the statutory damages in an amount to be determined by the Court.

## FIRST CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681s-2 by Citizens)

24.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

25.     Citizens is a "furnisher" as that term is used in 15 U.S.C. § 1681*s-2*.

26.     Furnishers of credit information have duties under the FCRA, specifically 15 U.S.C. § 1681*s-2*(b)(1), to investigate disputes initiated from consumers to CRAs as to the accuracy of information reported by the furnisher.

27.     On multiple occasions, Mick contacted the CRAs and disputed the accuracy of the derogatory CBI loan being reported by Citizens.

28.     Mick specifically advised the CRAs that a mistake had been made, that the CBI loan was inaccurate and provided all necessary information to the CRAs to support her dispute, and requested the false information be corrected accordingly.

4

29.     Upon information and belief, and pursuant to 15 U.S.C. § 1681*i*(a)(2), Citizens received notification of these disputes from the CRAs.

30.     However, Citizens conducted such a poor and deficient investigation into Mick's disputes that the inaccurate CBI loan was allowed to remain on Mick's credit report.

31.     By failing to conduct a reasonable investigation of Mick's disputes in this regard, Citizens negligently and/or willfully violated § 1681*s-2*(b)(1) with respect to each dispute lodged by Plaintiff.

32.     As a direct and proximate result of Citizens' willful and/or negligent refusal to comply with the FCRA as described herein, Mick has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorney's fees and the costs of this action, pursuant to 15 U.S.C. § 1681*o*.

33.     Citizens' complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Citizens, pursuant to 15 U.S.C. § 1681*n*(a)(2).

**WHEREFORE** Plaintiff Jennifer Mick prays for judgment in her favor and against Citizens, and for the following relief:

(a)     Actual damages sustained;

5

(b)     Statutory damages of not less than $100 and not more than $1000 on each

        willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorney's fees and costs; and

(e)     Any further relief as deemed appropriate and just by this Honorable Court.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that a trial be held in the above captioned matter at the Robert J.

Dole Federal Courthouse in Kansas City, Kansas.

Respectfully submitted,

**CREDIT LAW CENTER**

By:  **s/Andrew M. Esselman**
Andrew M. Esselman #26113
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
Tele:   (816) 246-7800
Fax:    (855) 523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**